USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/5/2026



**CHALOS & CO. P.C.**
International Law Firm
_____

55 Hamilton Avenue, Oyster Bay, New York 11771
TEL: +1-516-714-4300  FAX: +1-516-750-9051  WEB: www.chaloslaw.com  EMAIL: info@chaloslaw.com

## MEMORANDUM ENDORSED

June 3, 2026

**VIA ECF**

Hon. Gregory H. Woods
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

**Re:**   *Lloyd's Underwriter Syndicate No. 1414 ASC, et al. v. Eurocereali S.R.L., et al.,*
No. 25-cv-8243 (GHW)

**Defendants' Letter Motion to Stay Proceedings Pending Foreign Arbitration**

Dear Judge Woods:

Defendants Eurocereali S.R.L., Santacroce Giovanni, S.p.A., and Ruggeri Agricoltura di Ruggeri Mario & C. S.A.S. ("Defendants") respectfully submit this letter motion, pursuant to the Court's Individual Rule 1(A), for an order staying this action pending the conclusion of the related arbitration now proceeding before the Grain and Feed Trade Association ("GAFTA") in London. As required by Rule 1(A), Defendants advise the Court that they have conferred with counsel for Plaintiffs, who *do not oppose this request* for docket-management and efficiency purposes only. Plaintiffs do not concede that the GAFTA arbitration will determine any issue of Policy interpretation, alleged ambiguity, or the applicability of any Policy terms, conditions, limitations, or exclusions, nor that any GAFTA ruling has any binding or preclusive effect upon this Court or in this action as against Plaintiffs.

This is a declaratory-judgment action concerning insurance coverage for a cargo of Hard Amber Durum Wheat shipped from Duluth, Minnesota to Bari, Italy. The cargo was sold under a contract between Eurocereali, as buyer, and Riverland AG Corp., as seller, that is governed by GAFTA terms and contains a London arbitration clause. After a first portion of the cargo discharged without incident at Livorno, discharge at Bari was refused when testing indicated the presence of Tilletia indica (karnal bunt).  The rejected cargo could not be discharged in the European Union and was ultimately sold in Morocco. The buyer's insurance claim was denied, and the Underwriters commenced this action seeking a declaration that the claimed losses are not covered. Defendants answered and asserted counterclaims for coverage, and the parties are presently engaged in fact discovery.



CHALOS & CO. P.C.
International Law Firm
_____

A GAFTA arbitration is now pending in London between Eurocereali, as buyer and claimant, and Riverland AG, as seller, under the sale contract for the same cargo. In that arbitration, the buyer contends, among other things, that the seller failed to furnish a conforming analysis certificate from the U.S. authorities establishing that the wheat was free of karnal bunt, as well as a valid contractual insurance certificate. Underwriters are not parties to the GAFTA arbitration. Because the relief sought is therefore not a mandatory stay under 9 U.S.C. § 3, Defendants invoke the Court's inherent, discretionary authority to manage its docket.

This Court possesses inherent authority to stay proceedings as part of its power to control its own docket. *Citrus Mktg. Bd. of Israel v. J. Lauritzen A/S*, 943 F.2d 220 (2d Cir. 1991); *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). That authority extends to staying litigation where a related arbitration concerns the same underlying transaction and a stay will promote efficiency and avoid duplicative proceedings. *Louis Berger Grp., Inc. v. State Bank of India*, 802 F. Supp. 2d 482, 490 (E.D.N.Y. 2011); *see Maritima de Ecologia, S.A. de C.V. v. Sealion Shipping Ltd.*, No. 10-CV-8134 (DLC), 2011 WL 1465744, at *5 (S.D.N.Y. Apr. 15, 2011) (granting a stay to avoid duplicative litigation pending a related London arbitration). The decision is governed by no hard-and-fast rules, but is determined by factors like the degree of factual overlap between the proceedings, the desirability of avoiding piecemeal litigation, and the avoidance of duplicative discovery and the risk of inconsistent results.

Each of these factors favors a stay in these circumstances. The GAFTA arbitration concerns the same underlying transaction and may address issues relating to the sale contract, documentation, and events surrounding the refusal at Bari. Proceeding in parallel risks duplicative factual development and unnecessary cost. A stay is "particularly appropriate where there is significant factual overlap" between the litigated and the arbitrated claims. *Schreiber v. Friedman*, No. 15-CV-6861, 2017 U.S. Dist. LEXIS 221610, at *22 (E.D.N.Y. Mar. 31, 2017). The GAFTA tribunal, composed of arbitrators with specialized expertise in grain-trade disputes and cargo-quality standards, is well positioned to consider these questions. A stay will permit the parties to conserve resources while the GAFTA arbitration proceeds; Underwriters' coverage position and defenses are preserved regardless of the arbitration's outcome.

A stay also serves judicial economy by avoiding the piecemeal and duplicative litigation that can result from requiring the parties to develop the same factual record in two fora at once. *F.D. Imp. & Exp. Corp. v. M/V Reefer Sun*, 248 F. Supp. 2d 240, 251 (S.D.N.Y. 2002). The GAFTA arbitration is expected to yield an award this fall, so the requested stay is of modest and foreseeable duration.   The outcome of the arbitration may also narrow the dispute and possibly facilitate settlement.

Finally, a stay will not unduly prejudice the Underwriters. This declaratory determination of coverage is not time-sensitive. Underwriters will forfeit no remedy or defense and do not concede that the arbitration will determine any issue of Policy interpretation, ambiguity, or the applicability of Policy terms, conditions, limitations, or exclusions. *See Louis Berger*, 802 F. Supp.

2



## CHALOS & CO. P.C.
International Law Firm

2d at 490 (stay appropriate where it promotes judicial economy and avoids inconsistent results without working undue hardship on the opposing party). Any marginal delay is substantially outweighed by the efficiency of allowing the specialist tribunal to reach its conclusion first and not in parallel.

Defendants respectfully propose that the action be stayed until the conclusion of the GAFTA arbitration, with the parties to submit a status letter every ninety (90) days and to notify the Court promptly upon issuance of any award, at which time the parties will propose a schedule for any further proceedings. A proposed order is enclosed for the Court's convenience. We thank the Court for its consideration of this request.

Respectfully submitted,

**CHALOS & CO, P.C.**

/s/ George M. Chalos
George M. Chalos
Benjamin M. Robinson
55 Hamilton Avenue
Oyster Bay, NY 11771
(713) 574-9582
*Attorneys for Defendants Eurocereali S.R.L., Santacroce Giovanni, S.p.A., and Ruggeri Agricoltura di Ruggeri Mario & C. S.A.S.*

Enclosure: Proposed Order

cc:    All counsel of record (via ECF)

Application granted in part.  This case is stayed pending the conclusion of the arbitration proceeding before the Grain and Feed Trade Association.  The parties are ordered to submit a joint status letter by the earlier of December 4, 2026 and the termination of the arbitration. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 25 and to add a stay notation on the docket of this case.

SO ORDERED.

Dated:  June 5, 2026

_____
GREGORY H. WOODS
United States District Judge

3